ORDER
James Osterbur filed a complaint in the district court naming as defendants the United States of America, the State of Illinois, the Governor of Illinois, the President of the United States, and the Supreme Court of the United States. Osterbur’s 29-page complaint is completely incoherent and contains no discernable claims, though Osterbur appears to call for a “tax revolt.” The district court found that the case was frivolous and insubstantial and therefore dismissed it for lack of subject matter jurisdiction. See Gammon v. GC Servs. Ltd. P’ship, 27 F.3d 1254,1256 (7th Cir.1994) (federal courts lack jurisdiction over claims that are so insubstantial as to be devoid of merit).
Osterbur’s appellate brief is more of the same. A litigant in this court must “supply an argument consisting of more than a generalized assertion of error, with citations to supporting authority.” Fed. R.App. P. 28(a)(9)(A); see also Haxhiu v. Mukasey, 519 F.3d 685, 691 (7th Cir.2008). And although we construe pro se filings liberally, even litigants proceeding without the benefit of counsel must articulate some reason for disturbing the district court’s judgment. See Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir.2001). Osterbur does not challenge the district court’s reasoning. In fact, it is impossible to discern any argument at all.
DISMISSED.